## GLOUCESTER ISINGLASS & GLUE CO. v. LE PAGE.

### (*Circuit Court, D. Massachusetts.* March 8, 1887.)

JUDGMENT—RES ADJUDICATA—ASSIGNMENT PENDING SUIT—PATENTS FOR INVENTIONS.

In a suit to restrain the infringement of a patent, the respondent sold out his interest in the business which was alleged to infringe, pending the hearing. The suit proceeded, however, without any change of parties, and a decree was entered against him, and in favor of the patent. *Held*, although the decree may have been entered in pursuance of an agreement between his vendee and the complainant without his personal co-operation. still, by giving up to his vendee the control and management of the suit, the respondent must be taken to have authorized such an agreement, and the decree in favor of the validity of the patent is *res adjudicata* as between him and the complainant.

2. PATENTS FOR INVENTIONS—APPLICATION OF PROCESS—GELATINE AND FISH GLUE FROM DRIED FISH SKINS.

Reissued letters patent No. 9,296, issued July 13, 1880, to John S. Rogers for a process of extracting gelatine or ichthyocolla from salted fish skins, must, in view of the state of the art, be held valid only for the identical thing discovered or invented by the patentee; that is to say, the application of the process of washing in cool water, extracting the gelatine by boiling, and then straining and evaporating, as applied to salted fish skins. Consequently the process of cleaning the skins in solutions of bisulphite of soda and sal-soda, and of boiling in a solution of borax, followed by straining and evaporating, is not an infringement.

In Equity.
*Causten Browne*, for complainant.
*B. F. Thurston* and *Francis Forbes*, for defendant.

CARPENTER, J. This bill is brought to restrain infringement of reissued letters patent No. 9,296 issued July 13, 1880, to John S. Rogers for process of extracting gelatine or ichthyocolla from salted fish skins. This patent was in controversy in *Gloucester Isinglass & Glue Co.* v. *Brooks*, 19 Fed. Rep. 426, wherein Le Page was one of the respondents. In that case the patentability of the invention was denied, but the main controversy seems to have turned upon priority of invention; it being claimed that the same process described in the Rogers patent had been first invented by Isaac Stanwood, to whom a patent was granted May 23, 1876, No. 177,764. The description of the Rogers process, as given in the patent now in suit, is set out in full in the opinion in the above case. After that opinion was delivered, a decree was entered by consent of the parties "that the reissue letters patent No. 9,296, dated July 13, 1880,

granted to John S. Rogers for process of extracting gelatine or ichthyo-colla from salted fish skins, is a good and valid patent, and that the defendants have infringed the same."

The first question which here arises is as to the effect to be given in the present case to that decision and decree. The respondent here shows that, before the hearing in that cause, he had sold out the business, in the prosecution of which he was alleged to infringe, to the Russia Cement Company, a corporation in which he was a stockholder and treasurer, and that the management and settlement of the suit were thereafter assumed and carried on by that company; and he therefore contends that the decision and decree can have no binding force against him in this controversy. It appears, however, that the suit proceeded against him and his associate Brooks without any change of parties, and that the decree was entered against them. If it be true that this decree was entered in pursuance of an agreement made by the company without his active personal co-operation, still it is clear that, by giving up to the company the control and management of the suit, he must be taken to have authorized such an agreement. The finding of the decree is therefore binding upon him, and the validity of the patent is *res adjudicata* as between him and this complainant.

This bill, however, is brought to restrain an alleged infringement different from that which was alleged in the former bill. In this case it appears that the respondent uses the process described as follows in the letters patent issued to him October 26, 1886, No. 351,607, for process of making fish glue:

"By my peculiar treatment, the salted fish skins, with the scales upon them, are desalted, cleaned, and bleached by agitating them in a strong solution of bisulphite of soda; then treating them in a solution of sal-soda to remove all traces of salt, which has been the great obstacle to complete success heretofore; then boiling them in water strongly impregnated with borax: after which the glue is drawn off or expressed, then filtered, and the surplus water evaporated, as hereinafter stated. By my process of treating the skins and scales together, I secure a material advantage in retaining in the glue all the useful properties of the scales, which render the glue more insoluble and stronger than is the case when the skins are first descaled. In desalting, cleaning, and bleaching, I agitate the stock in capacious and powerful washing-machines, so that all portions are uniformly and sufficiently acted upon."

The complainant contends that this process is substantially the same as that described in the Rogers patent, and varies from it only by the addition of other elements which do not vary the operation or result of the successive steps. The removal of the scales, it is said, is incidental only to the washing process by which the salt is removed; and the same removal of the scales, to a greater or less extent, is accomplished by the process of washing used by the respondent, wherein the addition of bisulphite of soda tends to swell the skins, and so loosen the scales and facilitate the removal of them. The respondent also points out that the use of the salts of soda and of the borax tend only to facilitate the desalting, and to preserve the glue from decomposition after it has been

extracted from the skins, and that, therefore, they constitute an addition to and not a modification of the process described in the Rogers patent.

I think, however, that, at least for the purpose of this motion, I must make a much narrower construction of the patent than that for which the complainant contends. It is not denied that the identical process described in the Rogers patent has been many years in use in extracting glue from glue stock other than salted fish skins. The invention, therefore, consists only in applying this process to a material to which it was not before known or supposed to be applicable. Such an invention or discovery could not be held to contain any patentable novelty if that question were now open to these parties. *Pennsylvania R. Co.* v. *Locomotive Engine Safety Truck Co.*, 110 U. S. 490, 4 Sup. Ct. Rep. 220; *Spill* v. *Celluloid Manuf'g Co.*, 22 Blatchf. 441, 21 Fed. Rep. 631, and 22 Fed. Rep. 94. And although, by virtue of the decree above referred to, I assume for this case the validity of the patent, still I think, in view of the state of the art, it must be held to be valid only for the identical thing discovered or invented by the patentee; that is to say, the application of the process of washing in cool water, extracting the gelatine by boiling, and then straining and evaporating, as applied to salted fish skins. Under this interpretation of the patent, the process of cleaning in solutions of bisulphite of soda and sal-soda, and of boiling in a solution of borax, followed by straining and evaporating, is not an infringement.

It may be that on final hearing a broader construction than that which I have indicated will be given to this patent; but I entertain so much doubt on the question whether such broader construction is justifiable that I am not prepared to order an injunction.